UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITIES FOR A BETTER ENVIRONMENT, a California non-profit Corporation,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>PACIFIC STEEL CASTING COMPANY, a California Corporation,<br><br>　　　　Defendant(s). | No.  No. C06-4184 BZ<br><br>**ORDER DENYING PRELIMINARY INJUNCTION** |

　　　Plaintiff, Communities for a Better Environment, seeks a preliminary injunction against defendant, Pacific Steel Casting Company, to halt claimed on-going violations of an operating permit applicable to a portion of its Berkeley, California steel foundry and issued pursuant to the Clean Air Act, 42 U.S.C. §§ 7401-7671q.[1]  Defendant denies violating the permit and challenges plaintiff's Article III standing to

---

[1]　　The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. 636(c).

1

bring the case.  While I am satisfied that plaintiff has standing to bring suit, the requested preliminary injunction is hereby **DENIED**.

For a litigant to have standing to bring suit in federal court, it must demonstrate an "injury in fact" fairly traceable to the defendant's alleged wrongful conduct and likely to be redressed by the requested relief.  Save our Sonoran v. Flowers, Inc., 408 F.3d 1113, 1119 (9th Cir. 2005).  An organizational litigant will have standing to sue if 1) at least one of its members has standing to sue in their own right; 2) the interests sought to be protected are germane to the organization's purpose, and 3) participation in the lawsuit by individual members of the organization is unnecessary.  Id.; Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 822 n.3 (9th Cir. 2001).

Plaintiff meets the Article III standing requirement. In her declaration, Janice Shroeder, a member of plaintiff who lives close to defendant's plant, avers particularized injury to her health and to the aesthetic enjoyment of her living space that is fairly traceable to the alleged wrongdoing at issue.  See Covington v. Jefferson County, 358 F.3d 626, 638-39 (9th Cir. 2004) (discussing the injury element); Natural Resources Defense Counsel v. Southwest Marine, Inc., 236 F.3d 985, 995 (9th Cir. 2000) (noting that the traceability requirement need not be established to a scientific certainty).  Plaintiff's documentation of localized citizen complaints relating to defendant's emissions supports Shroeder's claims.  Redressing plaintiff's

2

1  allegations seems likely to redress the injuries Ms.
2  Schroeder discusses.  Because plaintiff clearly meets the
3  remaining requirements, plaintiff has Article III standing to
4  bring the instant case.
5       Despite the presence of standing, however, I cannot
6  grant plaintiff's request for a preliminary injunction.[2]
7       A preliminary injunction "is not a preliminary
8  adjudication on the merits but rather a device for preserving
9  the status quo and preventing the irreparable loss of rights
10 before judgment."  <u>Sierra On-Line, Inc. v. Phoenix Software,</u>
11 <u>Inc.</u>, 739 F.2d 1415, 1422 (9th Cir. 1984).  Still, a
12 preliminary injunction is an extraordinary remedy that should
13 not be granted unless the movant, by a clear showing, carries
14 the burden of persuasion.  <u>Churchill Village, L.L.C. v.</u>
15 <u>General Elec. Co.</u>, 169 F. Supp. 2d 1119, 1125-26 (N.D. Cal.
16 2000) (citing <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972, 117
17 S.Ct. 1865, 138 L.Ed.2d 162 (1997)(per curiam)).
18      "Preliminary injunctive relief is available to a party

---

[2]   Defendant filed numerous evidentiary objections relating to the declarations of Philip Huang and Amy S. Cohen, submitted by plaintiff.  The objections are based on the Federal Rules of Evidence and go to such issues as foundation, authentication, hearsay, and relevance.  District courts, however, have discretion to consider otherwise inadmissible evidence when ruling on the merits of a preliminary injunction. See <u>Rosen Entertainment Systems, LP v. Eiger Vision</u>, 343 F. Supp. 2d 908, 912 (C.D. Cal. 2004) (citing <u>Flynt Distributing Co., Inc. v. Harvey</u>, 734 F.2d 1389, 1394 (9th Cir.1984)).  The form of the evidence simply impacts the weight the evidence is accorded.  <u>Id.</u>  Moreover, even having considered the evidence at issue, I am denying the requested injunction.  The objections, therefore, are moot.  For these reasons, defendant's objections are **OVERRULED**.  The objections to the reply papers are **OVERRULED**.

3

1  who demonstrates either: (1) a combination of probable
2  success on the merits and the possibility of irreparable
3  harm; or (2) that serious questions are raised and the
4  balance of hardships tips in its favor . . . . These two
5  formulations represent two points on a sliding scale in which
6  the required degree of irreparable harm increases as the
7  probability of success decreases." <u>A&M Records, Inc. v.</u>
8  <u>Napster, Inc.</u>, 239 F.3d 1004, 1013 (9th Cir. 2001)(citing
9  <u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.</u>,
10 204 F.3d 867, 874 (9th Cir. 2000)).

11     "'The critical element in determining the test to be
12 applied is the relative hardship to the parties.  If the
13 balance of harm tips decidedly toward the plaintiff, then the
14 plaintiff need not show as robust a likelihood of success on
15 the merits as when the balance tips less decidedly.'" <u>Sierra</u>
16 <u>On-Line, Inc.</u>, 739 F.2d at 1421 (quoting <u>Benda v. Grand Lodge</u>
17 <u>of the Int'l Ass'n of Machinists</u>, 584 F.2d 308, 315 (9th Cir.
18 1978), cert. denied, 441 U.S. 937 (1979)).

19     First, I conclude that on this record plaintiff has not
20 demonstrated a sufficient likelihood of success on the merits
21 to warrant an injunction.  At bottom, plaintiff's suit turns
22 on whether defendant's emissions of precursor organic
23 compounds (POCS) from the "Mixer Sand Bin" located in Plant 3
24 (otherwise designated as "source 14")[3] violate the Bay Area

---

[3]  Defendant operates three plants at its Berkeley facility.  Only source 14 in Plant 3 is at issue in this case.

4

1  Air Quality Management District-issued[4] permit limit of 2.5
2  tons per year.  While the permit specifies that POC emissions
3  are to be calculated using "throughputs and district approved
4  emissions factors," it nowhere explicitly defines either
5  term.  Plaintiff contends that the amount of binder resins
6  used is the molding process is the proper throughput while
7  defendant contends it is the amount of sand with which the
8  binder resins are mixed.  Plaintiff contends that the
9  District's approved emissions factor is 12.2% while defendant
10 contends that it is .085%.  The parties also dispute what
11 molding processes are encompassed by source 14.
12      The permit's reference to "binder" suggests that it is
13 likely that the binder resins used in the molding process are
14 the proper throughput to be measured.  Although each side has
15 filed numerous voluminous declarations, neither side has
16 submitted any evidence that the District has explicitly
17 approved either of the proposed emissions factors.
18      The movant for a preliminary injunction has the burden
19 of demonstrating each element of the required showing.
20 Prescott v. County of El Dorado, 915 F. Supp. 1080, 1084
21 (E.D. Cal. 1996) (citing Los Angeles Memorial Coliseum Comm'n
22 v. National Football League, 634 F.2d 1197, 1203 (9th
23 Cir.1980)).  There is only conflicting evidence as to how the
24 permit should be applied.  On this record, I cannot conclude
25 that plaintiff demonstrates a likelihood of success in

---

[4]  The Bay Area Air Quality Management District (District) is a local agency charged with regulating air quality pursuant to the Clean Air Act.

5

proving a permit violation.  See, e.g., Redevelopment Agency of City of Stockton v. Burlington Northern, 2006 WL 931059, slip op. at 3-4 (E.D. Cal. April 11, 2006) (in the context of a mandatory injunction, concluding that movant had failed to demonstrate a likelihood of success because complex factual disputes were left unresolved); cf. Communities for a Better Env't v. Cenco, 179 F. Supp. 2d 1128, 1142-48 (C.D. Cal. 2001) (explaining in great detail how movant demonstrated a likelihood of success in proving the defendant's operations would be subject to New Source Review under the Clean Air Act, requiring an injunction against actions in furtherance of construction or operation of the facility).

    I further conclude that, although plaintiff establishes a potential for some harm to the community if an injunction is not granted, the harm is not of the type that would normally impel a court to grant plaintiff's request.

    Plaintiff alleges a link between defendant's emissions and potentially serious health risks to those in the surrounding community.  There is, however, little evidence to suggest that the consequences attributed by plaintiff to defendant's emissions have materialized.[5]  Much of the pertinent evidence amounts to generalized statements about the industry and its byproducts.  The speculative nature of this evidence does not establish a threat of irreparable injury.  See Burlington Northern, 2006 WL 931059, slip op. at

---

[5] For example, while Ms. Schroeder's declaration suggests that she has experienced some respiratory discomfort, it is not clear that her symptoms are wide-spread or shared or how serious a health hazard they represent.

6

1  2-3 (finding no reason to order the non-movant to immediately
2  begin plans to clean up contamination where the danger to
3  humans was speculative at best).

4       Likewise, the evidence before me concerning odors
5  allegedly emitted from defendant's operations does not
6  establish that the odorous emissions pose an immediate threat
7  to the environment to warrant a preliminary injunction likely
8  to change the status quo.[6]  Although odorous emissions may
9  constitute a nuisance, see Stanley Works v. Snydergeneral
10 Corp., 781 F. Supp. 659, 665-67 (E.D. Cal. 1990) (discussing
11 California law on the tort of nuisance), such is not the kind
12 of harm typically deemed irreparable for the purpose of
13 granting a preliminary injunction.  Cf. Save Our Sonoran,
14 Inc., 408 F.3d at 1124-25 (affirming the district court's
15 conclusion that preliminarily enjoining construction of a
16 residential development was appropriate to preserve the
17 status quo and avoid probable and irreparable injury to the
18 desert); cf. also Save Our Summers v. Washington State Dept.
19 of Ecology, 132 F. Supp. 2d 896, 905-06 (E.D. Wash. 1999)
20 (discussing examples of irreparable injury to the person
21 which warrant a temporary restraining order).

22      Nor does plaintiff demonstrate that the relative
23 hardships tip in its favor.  The most immediate and concrete
24 harm described by plaintiff is the odorous nuisance allegedly
25 created by defendant's emissions.  In contrast, defendant
26 proffered evidence suggesting that an injunction requiring it

---

28 [6]  See [Proposed] Order Granting Plaintiff CBE's Motion for Preliminary Injunction, Docket #14.

7

to abide by the permit as interpreted by plaintiff would, at the least, require the temporary closure of Plant 3 and the potential loss of over 170 jobs.[7]  On this record, I conclude that the hardships do not tip in plaintiff's favor.[8]  See Atlantic Richfield Co. v. Federal Energy Administration, 429 F.Supp. 1052, 1060 n.7 (D.C. Cal. 1976) (noting that the potential closure of numerous businesses outweighed the comparative hardships on movant).

The court does not mean to minimize the concerns plaintiff has raised, but given the absence of any explicit evidence of the District's position on what emissions factor it has approved, and the likelihood that a preliminary injunction will alter the status quo, I conclude that the issues plaintiff presents can best be addressed in an expedited trial on the merits.  For these reasons, and for the reasons stated by the Court at the September 20 hearing, plaintiff's request for a preliminary injunction is **DENIED**.

Dated: September 20, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

---

[7] Indeed, plaintiff's assertions that defendant cannot operate Plant 3 under the current permit restrictions only strengthen defendant's claims.

[8] Plaintiff arguably raises a "serious question" as to whether defendant is violating the permit.  "A 'serious question' is one on which the movant has a 'fair chance of success on the merits.'"  EBay v. Bidder's Edge, Inc., 100 F. Supp. 2d 1058, 1064 (N.D.Cal. 2000) (quoting Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984)).  However, since the balance of hardships does not tip in plaintiff's favor, the record does not justify granting the requested injunction.

8